UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MYRNA VANDENBERG,<br><br>    Plaintiff,<br><br>vs.<br><br>BEYERS COSTIN, a California Professional Corporation, and DOES 1- 20, inclusive,<br><br>    Defendants. | Case No: C 13-3445 SBA<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Docket 13 |

Myrna Vandenberg ("Plaintiff") commenced the instant action against her former employer, Beyers Costin, PC ("Beyers Costin"), in the Superior Court of California, County of Sonoma, alleging state law claims for employment discrimination, retaliation, and wrongful termination. Compl., Dkt. 1. Beyers Costin timely removed the action to this Court on the basis of federal question jurisdiction, asserting that the complaint contains artfully pled claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Notice of Removal, Dkt. 1. The parties are presently before the Court on Plaintiff's motion to remand for lack of subject matter jurisdiction. Dkt. 13. Beyers Costin opposes the motion. Dkt. 15. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion to remand. This action is REMANDED to the Superior Court of California, County of Sonoma, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.     BACKGROUND[1]

Plaintiff is a former employee of Beyers Costin, a Santa Rosa-based law firm. Compl. ¶ 4. She was hired by Beyers Costin in 2003. See id. ¶ 19. In July 2007, Plaintiff was asked to "take back" her old position as a receptionist after Beyers Costin's receptionist was terminated. Id. ¶ 6. While she was hesitant to accept the position out of fear that her salary would be reduced, Plaintiff was assured by "the partners" that "they would never do that." Id. Although unclear, Plaintiff apparently accepted the receptionist position. See id. ¶ 19.

In May 2008, Plaintiff was scheduled to undergo exploratory surgery "[d]ue to some medical complications." Compl. ¶ 7. Two days before her surgery, Plaintiff experienced Benign Paroxysmal Positional Vertigo while at work and was taken by ambulance to the hospital. Id. After the exploratory surgery, Plaintiff was diagnosed with uterine cancer. Id. ¶ 8. On July 24, 2008, Plaintiff "went into UCSF for surgery." Id. ¶ 9.

During "Open Enrollment"[2] in October 2008, Beyers Costin's insurance broker met with an employee named Marsha Williams ("Williams") at the behest of Chris Costin ("Costin")[3] for the purpose of convincing Williams, who was turning sixty (60) that year, to change her health plan to "the HSA plan after [Costin] saw the staggering new premium for [Williams] and her husband on her policy." Compl. ¶ 11. The insurance broker was successful in convincing Williams to change health plans, which made "an enormous difference in cost for the firm." Id.

On July 1, 2009, Bob Haroche ("Haroche"), Beyers Costin's managing partner, informed Plaintiff that she would be the only staff member to receive a 25% pay cut.

---

[1] Although Plaintiff has filed an amended complaint, the following facts are taken from the complaint. See Sparta Surgical Corp. v. National Ass'n of Secs. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998) ("jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments").

[2] Open Enrollment is the annual opportunity for employees to make changes to certain benefits, usually their medical, dental, and vision plans.

[3] The complaint is silent regarding the respective positions held by Williams and Costin.

Compl. ¶ 13.  Later that same month, "Plaintiff was informed that none of the male staff members of the firm who had a family would be laid off or have their pay cut by more than 5%."  Id. ¶ 14.  Plaintiff questioned the legality of her salary reduction and specifically told Haroche that "pay disparity against women was illegal, and that she believed it was unfair and based upon her age and medical condition."  Id. ¶ 17.  Plaintiff also addressed "these issues" with the firm's Controller and Personnel Manager, and informed these individuals "numerous times that [she] believed that her job was in jeopardy because of [her] gender, age and medical condition."  Id. ¶ 18.

In early July 2011, Plaintiff filed a workers' compensation claim due to pain in her left arm and shoulder caused by the folding and stuffing of hundreds of envelopes each month for four years.  Compl. ¶ 15.  On July 11, 2011, Haroche met with Plaintiff about her workers' compensation claim.  Id. ¶ 16.  He suggested that Plaintiff consider seeing an acupuncturist for her pain instead of a doctor.  Id.  Plaintiff was uncomfortable with his suggestion because "[i]f Plaintiff went to an acupuncturist instead of going with the workers' compensation claim, it would have been at her own expense.  It also would benefit the firm to not have another workers comp claim on their record."  Id.

On March 12, 2012, Plaintiff was advised that she was being laid off due to the "reconstruction of the firm."  Compl. ¶ 19.  She was told that there would be more layoffs and that the receptionist position would be filled by part-time workers in the future.  Id. Plaintiff, however, was not offered any part-time work,[4] and Beyers Costin never laid-off any "male, younger, or able-bodied employees."  Id. ¶¶ 19-20.

On June 28, 2013, Plaintiff commenced the instant action against Beyers Costin alleging four state law claims for: (1) "Medical Condition/Disability Discrimination against Plaintiff: Government Code §§ 12926(h)(1), and 12940(a)"; (2) "FEHA Age Discrimination"; (3) "FEHA Gender Discrimination"; and (4) "Wrongful Termination in

---

[4] Plaintiff notes that she turned 60 in July of 2011, and that during Open Enrollment in October 2011, her insurance premium went to a new and more expensive level due to her age.  Compl. ¶ 19.

Case 4:13-cv-03445-SBA   Document 33   Filed 01/10/14   Page 4 of 11

Violation of Public Policy." See Compl. at 6- 10.  Plaintiff alleges that she was terminated after she (1) developed cancer, (2) filed a workers compensation claim based on a shoulder injury, and (3) "turned 60 and the combination of her age and disability/medical condition caused her employer paid medical premiums to increase."  Id. ¶ 4.  According to Plaintiff, she was discriminated against on the basis of her medical condition/disability, age, and gender.  See id. ¶¶ 36-56.  Plaintiff alleges that she has suffered the loss of salary and benefits, including retirement income, as a result of Beyers Costin's discriminatory and tortious actions against her.  Id. ¶ 21.

## II. LEGAL STANDARD

### A. Removal Jurisdiction

A motion to remand is the proper procedure for challenging removal.  Remand may be ordered either for lack of subject matter jurisdiction or for a defect in removal procedure. See 28 U.S.C. § 1447(c).  "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  As such, any doubts regarding the propriety of removal favor remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

The federal removal statute provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.  The "arising under" qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on

- 4 -

resolution of a substantial question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-955 (9th Cir. 2009) (internal quotations omitted).

"[T]he plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.' " Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Balcorta v. Twentieth Century–Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)). Nonetheless, "there exist a handful of extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (internal quotations and citation omitted). "Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." Id. "The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

### B. Preemption Under ERISA

ERISA is one such exception to the "well-pleaded complaint rule." It was enacted to "provide a uniform regulatory regime over employee benefit plans," and thus contains broad preemption provisions to ensure that employee benefit plan regulation is "exclusively a federal concern." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (internal citations omitted). There are two types of preemption under ERISA: (1) "complete preemption" under § 502(a) of ERISA, 29 U.S.C. § 1132(a); and (2) "conflict preemption" under § 514(a) of ERISA, 29 U.S.C. § 1144(a). Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944-945 (9th Cir. 2009). "Complete preemption removal is an exception to the otherwise applicable rule that a 'plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim.' " Id. at 945. Unlike complete preemption, "a defense of conflict preemption under § 514(a) does not confer federal question jurisdiction on a federal district court." Id.

"A party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that

some other basis exists for federal question jurisdiction." Marin General Hosp., 581 F.3d at 945.  "If a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  Id.

The standard for complete preemption under ERISA § 502(a) is set forth in Davila. "Under Davila, a state-law cause of action is completely preempted if (1) an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B), and (2) where there is no other independent legal duty that is implicated by a defendant's actions." Marin General Hosp., 581 F.3d at 946 (internal quotation marks and citations omitted, alteration in original).  "A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied."  Id. at 947.

### III.   DISCUSSION

####    A.   ERISA-Governed Health Plan

As an initial matter, Plaintiff contends that remand is appropriate because she was not a participant in an ERISA-governed health plan.  Pl.'s Mot. at 5.  Beyers Costin disagrees, arguing that Plaintiff's health plan qualified as an ERISA-governed employee benefit plan.  Def.'s Opp. at 4-7.  In support of its position, Beyers Costin submitted the declaration of its Controller, Becky Saunders ("Saunders"), as well as numerous documents to show the existence of an ERISA-governed health plan and Plaintiff's enrollment in that plan.  See Saunders Decl., Exhs. A-G, Dkt. 18.  In reply, Plaintiff failed to address the arguments and evidence submitted by Beyers Costin.  The Court deems Plaintiff's non-response as an abandonment of her argument that she was not a participant in an ERISA-governed health plan.  It is not the role of the Court to make the parties' arguments for them.  See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").  Accordingly, for purposes of the instant motion, the Court will assume,

1  without deciding, that Plaintiff's health plan was an ERISA-governed employee benefit
2  plan, and that Plaintiff was a participant in that plan.

3        **B.     Complete Preemption Under ERISA**

4        Plaintiff contends that remand is appropriate because her state law claims are not
5  completely preempted by ERISA.  Pl.'s Mot. at 6.  She argues that the complaint does not
6  allege that her termination was motivated by Beyers Costin's desire to avoid paying her
7  medical benefits, but rather that her termination resulted in the loss of ERISA benefits.  Id.
8  According to Plaintiff, because the loss of ERISA benefits is merely a consequence of her
9  wrongful termination, and not a motivating factor behind the termination, none of her
10 claims are preempted by ERISA.[5]  Id.  Beyers Costin counters by arguing that "ERISA
11 completely preempts Plaintiff's primary theory of liability," which is that the high cost of
12 medical insurance premiums prompted her termination.  Def.'s Opp. at 2-3.  According to
13 Beyers Costin, the "clear implication" of the allegations in the complaint is that "the health
14 insurance costs were a motivating force in Defendant's employment decisions," and that
15 "[h]ealth coverage interference claims are preempted by . . . ERISA."  Id. at 4.

16       Under the two-prong preemption test articulated by the Supreme Court in Davila, the
17 question under the first prong is whether Plaintiff could have brought any of her state law
18 claims under ERISA § 502(a)(1)(B) at some point in time.  Davila, 542 U.S. at 210; Marin
19 Gen. Hosp., 581 F.3d at 946.  Section 502(a)(1)(B) authorizes a plan participant or
20 beneficiary to bring a civil action "to recover benefits due to him under the terms of his
21 plan, to enforce his rights under the terms of the plan, or to clarify his rights to future
22 benefits under the terms of the plan."  28 U.S.C. § 1132(a)(1)(B).  Thus, "[i]f a participant
23 or beneficiary believes that benefits promised to him under the terms of the plan are not
24 provided, he can bring suit seeking provision of those benefits."  Davila, 542 U.S. at 210.

25       Here, the complaint alleges that Beyers Costin terminated Plaintiff after she "turned
26 60 and the combination of her age and disability/medical condition caused her employer

---

[5] Plaintiff asserts that the complaint alleges facts regarding the loss of ERISA benefits in order "to indicate the measure of damages, and egregious nature of [her] termination."  Pl.'s Mot. at 6.

1   paid medical premiums to increase." Compl. ¶ 4.[6]  The complaint further alleges that

2   Plaintiff lost salary and benefits, including retirement income, as a result of Beyers Costin's

3   discriminatory and tortious actions. Id. ¶ 21.  Plaintiff does not dispute that she could have

4   brought a claim under ERISA § 502(a) to recover benefits on the ground that she was

5   terminated because Beyers Costin did not want to continue to pay her medical benefits.

6   Accordingly, the Court finds that the first requirement for complete preemption is satisfied.

7       The second prong of the complete preemption test is whether "there is no other

8   independent legal duty that is implicated by a defendant's actions." Davila, 542 U.S. at

9   210.  "If there is some other independent legal duty beyond that imposed by an ERISA

10  plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." Marin

11  Gen. Hosp., 581 F.3d at 949.  Under this prong, the court must determine whether " 'there

12  is no other independent legal duty that is implicated' by a defendant's actions," not

13  "whether that legal duty provides for a similar remedy, such as the payment of money." Id.

14  at 950.  "It is not enough for complete preemption that . . . claims 'relate to' the underlying

15  ERISA plan, or that ERISA § 502(a)(1)(B) may provide a similar remedy.  The question

16  under the second prong of Davila is whether the complaint relies on a legal duty that arises

17  independently of ERISA." Id. (holding that state law claims were based on "other

18  independent legal duties" where the claims were in no way based on an obligation under an

19  ERISA plan and would exist whether or not an ERISA plan existed).

20      In its opposition, Beyers Costin failed to cite any authority or provide any legal

21  analysis regarding the second prong of the Davila test.  As such, Beyers Costin has not

22  shown that any of Plaintiff's state law claims would not exist if the ERISA plan did not

23  exist.  Indeed, Beyers Costin has not argued, let alone demonstrated, that at least one of

24  Plaintiff's claims does not arise from an independent state law duty.  As noted above, it is

25  not the role of the Court to make the parties' arguments for them. See Indep. Towers of

---

[6] Paragraph 4 of the complaint alleges that Plaintiff was "terminated after: (a) Developing cancer; (b) Developing a shoulder injury affecting her ability to stuff envelopes and leading to the filing of a Workers Compensation claim; and (c) She turned 60 and the combination of her age and disability/medical condition caused her employer paid medical premiums to increase." Compl. ¶ 4.

Wash., 350 F.3d at 929. Beyer Costin's omission is fatal to its attempt to avoid remand. The law is clear that the removing defendant always has the burden of establishing that the removal is proper. See Gaus, 980 F.2d at 566. Thus, it was incumbent upon Beyers Costin to establish both prongs of the Davila test for complete preemption. By failing to address the second prong of the Davila test, Beyers Costin has not carried its burden of demonstrating that at least one of Plaintiff's state law claims is completely preempted under ERISA.[7] Because there are doubts regarding the existence of removal jurisdiction, the action must be remanded. See Gaus, 980 F.2d at 566. Accordingly, Plaintiff's motion to remand is GRANTED.

Furthermore, even assuming for the sake of argument that Beyers Costin had established that one of Plaintiff's claims is not based on an independent legal duty beyond that imposed by an ERISA plan (i.e., that removal based on federal question jurisdiction was proper), the Court finds that remand would still be appropriate. As noted above, while jurisdiction for purposes of removal is determined based on the facts alleged in the operative complaint at the time of removal, Sparta, 159 F.3d at 1213, courts may consider whether subsequent amendments to the complaint eliminate jurisdiction. See Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490-491 (9th Cir. 1995) (finding it proper for a plaintiff to eliminate federal claims and move for remand after removal). Here, Plaintiff filed a first amended complaint ("FAC") following the removal of this action. The FAC does not contain the allegations in the complaint that Beyers Costin relied upon to justify removal. The FAC also specifically alleges that Beyers Costin was "motivated to terminate [Plaintiff] due to her age, gender and disability/medical condition." FAC ¶ 5. Having reviewed the allegations in the FAC, the Court finds that Plaintiff's claims are not completely preempted by ERISA under the two-prong Davila test. None of the claims

---

[7] The Court notes that a review of the complaint reveals that Plaintiff's claims do not rely on, and are independent of, any duty under an ERISA plan. Plaintiff's state-law discrimination claims and wrongful termination claim are not based on an obligation under an ERISA plan, and would exist whether or not an ERISA plan existed. As such, these claims are based on "other legal independent dut[ies]," and therefore do not satisfy the second prong of Davila. See Marin General Hosp., 581 F.3d at 950 (alteration in original).

1   alleged by Plaintiff in the FAC seek only to rectify a wrongful denial of benefits promised
2   under an ERISA-governed health plan.  Rather, Plaintiff's claims seek to remedy violations
3   of legal duties that arise independent of ERISA.  Accordingly, because the state law claims
4   asserted in the FAC are not premised on any obligation under an ERISA plan, and because
5   they would exist whether or not an ERISA plan existed, they are based on "other
6   independent legal duties" within the meaning of Davila.  See Marin Gen. Hosp., 581 F.3d at
7   949-950.  As such, the FAC is devoid of any federal claim.
8       Once an action has been removed, if at any time before final judgment it appears that
9   the district court lacks subject matter jurisdiction, the case must be remanded.  28 U.S.C. §
10  1447(c).  When the federal claims that serve as the basis for removal have been eliminated
11  and only pendent state law claims remain, a district court has discretion to remand the
12  removed case upon a determination that retaining jurisdiction over the case would be
13  inappropriate.  Carnegie–Mellon University v. Cohill, 484 U.S. 343, 357 (1988).  "[I]n the
14  usual case in which all federal-law claims are eliminated before trial, the balance of factors
15  to be considered under the pendent jurisdiction doctrine—judicial economy, convenience,
16  fairness, and comity—will point toward declining to exercise jurisdiction over the
17  remaining state-law claims."  Sanford v. MemberWorks, Inc., 625 F.3d 550 561 (9th Cir.
18  2010) (internal quotations omitted).  Given the early state of this litigation, the Court finds
19  that the relevant factors weigh against exercising jurisdiction over Plaintiff's state law
20  claims.  Id. at 351("When the single federal-law claim in the action was eliminated at an
21  early stage of the litigation, the District Court had a powerful reason to choose not to
22  continue to exercise jurisdiction."); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th
23  Cir. 1991) ("it is generally preferable for a district court to remand remaining pendent
24  claims to state court").
25      **C.   Request for Attorney's Fees and Costs**
26      Where a case is improperly removed, the Court "may require payment of just costs
27  and any actual expenses, including attorney fees, incurred as a result of the removal."  28
28  U.S.C. § 1447(c).  The Court has "wide discretion" under § 1447(c).  Moore v. Permanente

Medical Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992).  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, Beyers Costin removed this action on the ground that the complaint contains artfully pled claims under ERISA.  According to Beyers Costin, the "clear implication" of the allegations in the complaint is that Beyers Costin's desire to avoid having to continue to pay Plaintiff medical benefits was a motivating force in its decision to terminate Plaintiff.  Because the Court finds that Beyers Costin's basis for removal was not objectively unreasonable, Plaintiff's request for attorney's fees and costs is DENIED.

## IV.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.   Plaintiff's motion to remand is GRANTED.  This action is REMANDED to the Superior Court of California, County of Sonoma.

2.   Plaintiff's request for attorney's fees and costs is DENIED.

3.   The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 1/10/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge